**Order entered February 13, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01547-CR

**TIMOTHY SCOTT HARRIMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F94-01553-ML**

## ORDER

The pro se notice of appeal filed in this case reflects that it is from the trial court's order denying appellant's motion for post-conviction DNA testing. The court has not received anything showing whether counsel has been appointed for appellant. The clerk's and reporter's records have not been filed, but appellant filed a pro se brief on February 10, 2014.

Accordingly, this Court **ORDERS** the trial court to make findings of fact regarding whether appellant has been deprived of the clerk's and reporter's records because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether there is a final order ruling on appellant's motion for post-conviction DNA testing.
- The trial court shall next determine whether appellant is entitled to appointment of counsel to pursue the appeal. If the trial court determines that appellant is entitled to

court-appointed counsel, we **ORDER** the trial court to appoint counsel to represent appellant in the appeal.

- If the trial court determines appellant is not entitled to court-appointed counsel, the trial court shall determine whether appellant has retained counsel to represent him on appeal. If appellant has retained counsel, the trial court shall include the name, State Bar number, and contact information for retained counsel in the findings.

- The trial court shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the clerk's and reporter's records. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. If the trial court finds appellant is not indigent, it shall determine whether appellant has paid for the clerk's and reporter's records.

- The trial court shall next determine whether any proceedings were recorded in this matter. If proceedings were recorded, the trial court shall determine: (1) the name and contact information of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

- The trial court shall next determine the date by which the clerk's record will be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     LANA MYERS
        JUSTICE